IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DENNIS MIX, II,

                Plaintiff,                ORDER

   v.
                                           23-cv-826-wmc

KEVIN CARR, YANA PUSICH,
CHAPLAIN FREEMAN, CHAPLAIN LOUIS,
and RANDY HEPP,

                Defendants.

Plaintiff Dennis Mix, II, a former state prisoner who was representing himself, was proceeding on First Amendment Free Exercise claims after defendants allegedly denied him access to religious services while he was imprisoned. Mix's sister, Laura Hardin, appeared at the preliminary pretrial conference and informed the court that Mix passed away in June 2024. (Dkt. #12.) Defendants then filed a suggestion of death pursuant to Fed. R. Civ. P. 25 with a certificate of service explaining that they had sent the suggestion of death to Hardin via first-class mail on April 8, 2025. (Dkts. ##13, 13-1.) Defendants have since filed a "Rule 25 Report," indicating that Hardin had contacted defendants' counsel explaining that there is no personal representative/estate lawyer currently handling Mix's estate and that she is handling his financial matters. (Dkt. #14, at 2.) Thus, defendants identify Hardin as Mix's successor for Rule 25 purposes. (*Id.*)

Federal Rule of Civil Procedure 25(a)(1) allows courts to substitute a proper party if an existing party dies while litigation is ongoing. The proper party is "the decedent's successors (if his estate has been distributed) or personal representative ([if] it has not been)." *Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008). Assuming Hardin is Mix's successor or representative, she has 90 days from service of the notice of death to file a motion to be

substituted as the plaintiff in this case or this case will be dismissed. *See id.* at 874 (where the successor or representative is known, "nothing will suffice to start the 90-day clock running except service on whoever is identified as the decedent's representative or successor"); *see also* Fed. R. Civ. P. 25(a)(1) ("the action by or against the decedent must be dismissed" if a motion for substitution is not made within 90 days of service).

Hardin should be aware that she cannot represent Mix's estate in this lawsuit without the assistance of a lawyer unless she is "the sole beneficiary of the estate." *Malone v. Nielson*, 474 F.3d 934, 937 (2007). Once a motion for substitution is filed, the court will consider whether: (1) the claims in this lawsuit are extinguished; (2) the motion is timely; and (3) the person being substituted is the proper party.

ORDER

IT IS ORDERED that:

1) This case will be dismissed under Federal Rule of Civil Procedure 25(a) if a motion for substitution is not filed by July 7, 2025.

2) The clerk of court is directed to mail a copy of this order to Laura Hardin at the address below:

    Laura Hardin
    3526 North 39th Street
    Milwaukee, WI 53216

Entered this 24th day of April, 2025.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge